**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 19, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KHAMPHAY SOUVANNARATH,

Defendant - Appellant.

No. 17-6103
(D.C. Nos. 5:16-CV-00476-R and
5:04-CR-00173-R-1)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **MATHESON**, **KELLY**, and **MURPHY**, Circuit Judges.

Khamphay Souvannarath seeks a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255 motion.  His appointed counsel moves for leave to withdraw in a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967).  We **deny** Souvannarath's request for a COA, **grant** counsel's motion to withdraw, and **dismiss** the appeal.

Souvannarath was convicted of possession with intent to distribute methamphetamine and being a felon in possession of a firearm.  The district court determined Souvannarath was a career offender under the United States Sentencing Guidelines and, thus, enhanced his sentence pursuant to USSG § 4B1.1.  Souvannarath's sentence was affirmed by this court on direct appeal.

*United States v. Souvannarath*, 158 F. App'x 984, 987 (10th Cir. 2005) (unpublished disposition).

Souvannarath filed the instant § 2255 motion on May 6, 2016. Relying on *Johnson v. United States*, he argued his advisory guidelines range was unlawfully enhanced through application of the residual clause in USSG § 4B1.2(a). *See* 135 S. Ct. 2551, 2563 (2015) (holding the imposition of an increased sentence under the residual clause of the Armed Career Criminal Act violates a defendant's due process rights because the clause is unconstitutionally vague). While Souvannarath's § 2255 motion was pending, the Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), holding the Sentencing Guidelines are not subject to vagueness challenges under the Fifth Amendment's due process clause. Based on *Beckles*, the district court denied Souvannarath's motion.

A federal prisoner may not appeal the denial of habeas relief under § 2255 unless he first obtains a COA. § 2253(c)(1)(B). This court will not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Under this standard, Souvannarath must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

Souvannarath's counsel has submitted an *Anders* brief.  Under *Anders*, if an attorney concludes after conscientiously examining a case that any appeal would be frivolous, he may so advise the court and request permission to withdraw.  386 U.S. at 744.  In conjunction with such a request, counsel must submit a brief highlighting any potentially appealable issues and provide a copy to the defendant.  *Id*.  The defendant may then submit a *pro se* brief.  *Id*.  If, upon careful examination of the record, this court determines the appeal is frivolous, it may grant the request to withdraw and dismiss the appeal.  *Id*.

We agree with counsel that any appeal of the district court's order denying habeas relief would be frivolous.  A *Johnson* claim challenging an advisory guidelines sentence[1] imposed under the residual clause of USSG § 4B1.2(a) is squarely foreclosed by *Beckles*.  137 S. Ct. at 892 ("[T]he Guidelines are not subject to a vagueness challenge under the Due Process Clause.  The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.").  Neither Souvannarath's pro se brief nor our independent review of the record has uncovered any other potentially meritorious issues.

---

[1]At the time Souvannarath was sentenced, the Sentencing Guidelines were no longer considered mandatory.  *United States v. Booker*, 543 U.S. 220, 245 (2005) (holding the Sentencing Guidelines are advisory only).  The district court affirmatively acknowledged the advisory nature of the Guidelines when it sentenced Souvannarath.

Accordingly, we **deny** Souvannarath's request for a COA, **grant** counsel's motion to withdraw, and **dismiss** the appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge